PETER A. KENNY, EXECUTOR OF THE ESTATE OF CATH-
ERINE KENNY, DECEASED, PLAINTIFF-APPELLANT,
v. NEW BRUNSWICK ROOFING AND CORNICE WORKS,
A CORPORATION, AND PENNSYLVANIA RAILROAD
COMPANY, DEFENDANTS-RESPONDENTS.

Submitted October 29, 1937—Decided January 26, 1938.

For the plaintiff-appellant, *Edmund A. Hayes.*

For the defendant-respondent New Brunswick Roofing and
Cornice Works, *Coult, Satz & Tomlinson* and *John J. Francis.*

For the defendant-respondent Pennsylvania Railroad Com-
pany, *George F. Lahey, Jr.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of non-
suit entered in the Supreme Court at a trial at the Middlesex
Circuit before Judge Barbour. Plaintiff sued as executor of
the estate of his wife, Catherine Kenny, to recover for the
death of said Catherine as the result, it is alleged, of a fall
on ice on the sidewalk on Easton street, New Brunswick,
under the tracks of the defendant Pennsylvania Railroad
Company. At the point in question the street passes under
the overhead structure carrying the tracks and there is an
arched tunnel, with a stone sidewalk which appears to be
about five feet high. The location is depicted on the right
of the photograph, *Exhibit D-2.*

For a great many years there had been above the sidewalk a corrugated metal ceiling on the underside of the arch. A few days before plaintiff's decedent fell, the defendant New Brunswick Roofing and Cornice Works, acting under contract with the railroad company, removed this metal ceiling for the purpose of placing a new metal thereon. It was off at the time of the accident. Along the top of the sidewall and just below the arch was a gutter to carry off the water that was caught by the ceiling. There was no testimony that, at the time, the gutter was not functioning. It was to the contrary. Only the ceiling had not been completed.

The complaint was based upon the theory that the water and ice on the sidewalk were the result of the removal of the ceiling, and that defendants having undertaken the repair of the ceiling did the work in a negligent manner, in that, because of the absence of the metal ceiling, water dropped to the sidewalk and froze thereon. This likewise was the theory under which plaintiff presented his side of the case.

However, the plaintiff's proofs do not support such a case. The uncontroverted proof was to the effect that this condition of water and ice on the sidewalk at the point in question existed before the ceiling was removed for repairs and continued after the new ceiling was in place. It would appear that the water seeped through the sidewall and ran over the sidewalk, and in cold weather froze there.

The witness Vanderveer did say the water "came from where that metal ceiling was taken off." But on questioning by the court it developed that he had not seen the water running from that source and the court directed the jury to disregard his testimony in that respect.

In granting the motion for nonsuit the trial judge remarked that there was no proof that the water came down direct from overhead to the sidewalk. Appellant now complains that his claim should not be so limited. The following is a quotation from appellant's brief:

"Appellant admits that there was no proof in the case that 'water came down direct from overhead' onto the sidewalk, as stated by the trial judge, which resulted in the formation

of ice thereon. The water on the archway did not drip direct from overhead onto the sidewalk but ran down the archway, onto the sidewall and then onto the sidewalk."

We are unable to find any proof that the water came upon the sidewalk by running from the arch down the sidewall in this manner. The inference is to the contrary. The gutter at the top of the sidewall was in place and, so far as appears, was properly functioning. So there was a failure of proof in this regard also.

Furthermore, we fail to see how such a claim would aid the cause of action asserted by the plaintiff. If the water came down the sidewall it did not do so because of the lack of a metal ceiling on the arch. The purpose of the ceiling, supposedly, was to take the water to the sidewall where it would be deposited in the gutter. If it came down the sidewall it was not due to the removal of the ceiling. The only negligence alleged was the removal of the ceiling and the only water which could get on the sidewalk through the absence of the ceiling would be that which dropped directly to the sidewalk. The only function of such a ceiling would be to stop such direct dropping.

In the state of the proofs existing at the conclusion of plaintiff's evidence, the direction of a nonsuit was proper on the ground on which the court placed it, namely a failure to prove that the ice was on the sidewalk as the result of the removal of the ceiling. This was the act of negligence alleged and as to it there was an utter failure of proof.

Plaintiff-appellant, relies upon the case of *Zwickl* v. *Broadway Theatre,* 103 *N. J. L.* 604, but in that case the proof clearly showed that the water came from the building of the defendant and that it ran on the sidewalk because of a change made by the defendant in conducting the water, a drain which led the water under the sidewalk having been abandoned and a new method adopted which caused the water to flow on the sidewalk. In that case and in other similar cases, there was not present the factor which is here, namely, a lack of evidence from which it might be inferred that the water was upon the sidewalk as the result of the act which

is alleged to have been a violation of defendants' duty to the plaintiff's decedent.

The judgment of nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, JJ. 8.

*For reversal*—HEHER, WOLFSKEIL, RAFFERTY, WALKER, JJ. 4.